OPINION
Willie C. Young[1] is appealing from the denial of his motion to withdraw his guilty plea after sentencing. In 1991, he was originally indicted by the Greene County Grand Jury for one count of murder and two counts of felonious assault. In March, 1992, as a result of a plea bargain, he pled guilty to the reduced charge of voluntary manslaughter and to two counts of aggravated assault, a lesser charge than felonious assault. During the sentencing hearing, the trial court specifically noted, referring to the petition to enter a plea of guilty signed by Mr. Young, that: "Under paragraph thirteen, Mr. Young, it is indicated that there is an underlying agreement upon which your plea is based." Tr. 8.
During the years since then, Mr. Young has filed many motions attempting to get shock probation or to reduce or modify his sentence. In the current matter, Mr. Young, acting pro se, has filed a motion to withdraw his guilty plea, arguing that the State has breached its part of the plea agreement because the parole board, considering Mr. Young's eligibility for parole, and in applying the parole guidelines chart, enacted in March, 1998, moved him from a category nine (voluntary manslaughter) to a category eleven (murder), which would require him to serve 17 to 22 years before release is considered. The category nine would have required him to serve lesser time, to-wit, nine to twelve years before release is considered. He argues that since the State has breached the plea bargain he should be allowed to withdraw from it also.
The State counters that no manifest injustice occurs when a parole board denies a convict release at his first eligibility, citing two unreported opinions. The State is correct, but that is not the end of the matter.
The problem with the present appeal is that Mr. Young misperceives his remedy. His remedy is not to unravel his plea bargain which, if it were done, would subject him to the risk of a new indictment for murder and a possible longer sentence therefore. Instead, Mr. Young's remedy is to enforce the plea bargain. This court recently had virtually the same set of facts before it in Randolph v. Ohio Adult Parole Authority (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported. In that case, we noted that Randolph quickly admitted that he had no right to parole and correctly agreed that the Adult Parole Authority "was entitled to consider the original indictment of murder when making its decision."Randolph, 6. Randolph argued, just as the appellant does here, that he was entitled to be placed in category nine for voluntary manslaughter since that was his plea agreement, and that "although the APA may be entitled to decide that he should serve the maximum sentence given to him by the trial court based on the circumstances surrounding the offense and whether he might have been convicted of murder but for his plea, the APA should place him in the appropriate offense seriousness category and guideline range in beginning its decision-making process as to his eventual release." Randolph, 7. We agreed with Randolph and sustained his assignments of error. But Randolph was a case in which the appellant had filed suit against the Ohio Adult Parole Authority and the Miami County Prosecuting Attorney. Here, that is not the case. If Mr. Young wishes to pursue a remedy against the Ohio Adult Parole Authority, he should follow the procedure adopted by Mr. Randolph in his case.
The assignment of error is overruled, and the judgment is affirmed.
 __________________________ FREDERICK N. YOUNG, J.
WOLFF, J. and FAIN, J., concur.
[1] The author and the appellant are not related.